UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALLY DAVIS,

       Plaintiff,                          Case No. 1:11-cv-430

v.                                      HON. JANET T. NEFF

REPCOLITE PAINTS, INC. et al.,

       Defendants.
_____/

**OPINION**

Plaintiff Sally Davis filed this employment discrimination case against her former employer, Defendant RepcoLite Paints, Inc. (RPI); RPI president Daniel Altena; and her former supervisor, Ed Meiste.[1] Plaintiff's Complaint alleges an Equal Pay Act[2] (EPA) claim (Count 1), a Title VII[3] sexual harassment/retaliation claim (Count 2), and a state law ELCRA[4] sexual harassment/retaliation claim (Count 3).[5] Defendants deny liability on all claims.

The parties have filed cross-motions for partial summary judgment of the Equal Pay Act claim. Defendants also move for summary judgment of the sexual harassment/retaliation claims (Counts 2 and 3). Because genuine issues of material fact exist with respect to all three claims, the

---

[1] The case against Meiste was settled and dismissed.

[2] 29 U.S.C. § 206.

[3] Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

[4] Elliott-Larson Civil Rights Act, MICH. COMP. LAWS §§ 37.2101 *et seq.*

[5] Plaintiff's citations to the relevant statutes in her Complaint appear to be incorrect.

summary judgment motions are properly denied.[6]

## I. Facts

The motions are before the Court on the parties' well-drafted and succinct Joint Statement of Facts (JSF), setting forth the underlying facts, as follows.

RPI is a Michigan corporation that makes and sells paint, and sells related products (JSF ¶ 3). RPI also operates a lab and plant in Holland, Michigan, at which it makes paint and wood finishes (JSF ¶ 5). Dan Altena has been the President of RPI since 2004 (JSF ¶ 4). Plaintiff was employed by RPI starting in about 1993 (JSF ¶ 6). From 1993-2007, Plaintiff was employed as a retail salesperson at the RPI store located on Plainfield Avenue in Grand Rapids, Michigan (JSF ¶ 7).

At the end of 2007, RPI decided to experiment with a small outlet in a builder's center in Caledonia, Michigan, and Davis managed the store (JSF ¶ 8). In late 2007, Plaintiff became general manager of wallpaper for all stores that sold wallpaper, as one part of her duties (JSF ¶ 9). Plaintiff was the only employee at the Caledonia outlet (JSF ¶ 10). During 2008, Plaintiff reported directly to Altena (JSF ¶ 11).

When the Caledonia outlet closed in late December 2008, Plaintiff was given the option to transfer to the Lakewood store, which she accepted (JSF ¶ 12). Plaintiff started at the Lakewood store in late December 2008 (JSF ¶ 13). From the beginning of her employment at the Lakewood store, Plaintiff knew her position there was subordinate to the Lakewood store manager, Ed Meiste, who was her boss and to whom she reported (JSF ¶¶ 14-15). Plaintiff did not supervise any employees (JSF ¶ 17).

---

[6] Having fully considered the parties' briefs and accompanying exhibits, the Court concludes that oral argument is unnecessary to resolve the pending motions. *See* W.D. Mich. LCivR 7.2(d).

Plaintiff alleges sexual harassment beginning after her December 2008 transfer to the Lakewood store until Altena laid her off in 2010. On February 26, 2009, Davis complained to Altena that Meiste was harassing her, claiming that on various occasions when she had mentioned doing something outside of work, he asked if she did that naked (JSF ¶¶ 18-19). Meiste's "naked" comments stopped soon after Plaintiff complained about them to management (JSF ¶ 20).

However, after Plaintiff later complained to Altena about the behavior of two coemployees, Scott Alkema and Jennifer Matelski, whom Plaintiff claimed were openly flirting and being physical with each other in front of coworkers and customers, Plaintiff alleges she again suffered negative treatment from Meiste, as well as from Alkema and Matelski (JSF ¶¶ 25-26). Plaintiff complained to Altena about the way Meiste, Alkema and Matelski treated her (JSF ¶ 26).

On April 28, 2010,[7] Altena notified Plaintiff that she would be terminated effective April 30, 2010 (JSF ¶ 27). Once she received the notice, Plaintiff stopped reporting to work on April 28 (JSF ¶ 28). RPI voluntarily paid Plaintiff six weeks of severance pay totaling $2,880 (JSF ¶ 29).

## II.  Legal Standard

A moving party is entitled to a grant of its motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The court must consider the evidence and all reasonable inferences in favor of the nonmoving party. *Slusher v. Carson,* 540 F.3d 449, 453 (6th Cir. 2008); *Hamilton v. Starcom Mediavest Group, Inc.,* 522 F.3d 623, 627 (6th Cir. 2008). The initial burden is on the moving party to show that there is no dispute regarding any genuine issue of material fact. *Slusher,* 540 F.3d at

---

[7]The JSF misstates this date as 2012, but it is evident that this occurred in 2010.

453. "Once the moving party supports its motion for summary judgment, the opposing party must go beyond the contents of its pleadings to set forth specific facts that indicate the existence of an issue to be litigated." *Id.* "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.,* 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson,* 477 U.S. at 251-52).

### III.  Discussion

Plaintiff's Complaint alleges a claim under the EPA, and separate claims of sexual harassment/retaliation under federal and state law. Plaintiff and Defendants both seek summary judgment of the EPA claim. Defendants further move for summary judgment of both retaliation claims. It is clear from the parties' arguments and the supporting evidence that genuine issues of disputed fact preclude judgment as a matter of law as to both the equal pay and the sexual harassment/retaliation claims.

### A.  Equal Pay Act Claim

Plaintiff's EPA claim alleges that Defendants violated the EPA by failing to pay Plaintiff the same wages and raises as male employees doing the same or similar work (Compl. ¶ 37). She asserts that male managers, who performed the same or similar work and had less seniority than she, were paid significantly higher wages (*id.* ¶ 34).

The parties do not dispute the governing legal principles:

> The EPA prohibits employers from paying an employee at a rate less than that paid to an employee of the opposite sex for performing equal work. *See* 29 U.S.C. § 206(d)(1). In order to establish a prima facie case of wage discrimination under the EPA, plaintiffs must show that an employer pays different wages to employees of opposite sexes "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar

> working conditions." *Corning Glass Works v. Brennan,* 417 U.S. 188, 195, 94 S. Ct. 2223, 41 L. Ed. 2d 1 (1974) (quoting 29 U.S.C. § 206(d)(1)). Jobs need not be identical in order to be considered "equal work" under the EPA. *Shultz v. Wheaton Glass Co.*, 421 F.2d 259, 265, & n. 10 (3d Cir.), *cert. denied*, 398 U.S. 905, 90 S .Ct. 1696, 26 L. Ed. 2d 64 (1970). Whether a job is substantially equal for purposes of the EPA is determined on a case-by-case basis and "resolved by an overall comparison of the work, not its individual segments." *Odomes v. Nucare, Inc.,* 653 F.2d 246, 250 (6th Cir. 1981) (orderlies and nurses aides perform substantially equal work).

*Beck-Wilson v. Principi,* 441 F.3d 353, 359-60 (6th Cir. 2006).

"'Once the plaintiff establishes a prima facie case, the defendant must 'prove' that the wage differential is justified under one of the four affirmative defenses set forth under § 206(d)(1) of the Equal Pay Act: (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) any other factor other than sex.'" *Beck-Wilson,* 441 F.3d at 360 (citations omitted). "Because these are affirmative defenses, the defendant bears the burden of proof." *Id.*

Defendants argue that Plaintiff has failed to establish a prima facie case under the EPA, and therefore, Defendants are entitled to summary judgment. Plaintiff argues that she has set forth a prima facie case based on the evidence submitted and that Defendant has failed show a basis for asserting any of the four affirmative defenses; accordingly, she is entitled to summary judgment.

Plaintiff recounts her work and salary history with RPI and compares her hourly pay rate to male managers, who were paid significantly more. Plaintiff states that she was hired at $10 per hour, and after thirteen years of work, she still made $10 per hour (Pl. Br., Dkt 54, at 5-6). In May 2007, she was given a 50 cent per hour raise, and upon taking over the Caledonia outlet, and wallpaper duties, she was given another $1.50 per hour raise, to $12 per hour, which was her pay rate when she was terminated (*id.* at 6-7; Pl. Ex. 9). Plaintiff sets forth her alleged job duties and

5

responsibilities at RPI. Plaintiff argues that her work as the "General Wallpaper Manager and Store Manager" was substantially equal in skill, effort and responsibility to her male counterparts in RPI management (Pl. Br., Dkt 54, at 21). Yet, the Wood Finishing Manager was paid $6.00 more per hour than she earned from 2007 to 2010, the General Manager made $9.87 more per hour and Store Manager Randy VanLiere made over $10 per hour more in that time frame (*id.* at 22-23).

Defendants do not dispute that male managers were paid more than Plaintiff, but they argue that Plaintiff was paid less because her job was different and carried with it far less responsibility and duties than those male employees with whom Plaintiff compares herself (Def. Br., Dkt 64, at 14). Defendants provide a detailed comparison of job duties and responsibilities for various RPI positions, including Plaintiff's. Defendants assert that Plaintiff's alleged management responsibilities averaged only minutes per day and that her pay was in step with her primary job duties (*id.* at 10). Defendants contend that Plaintiff's job compares with other *sales* staff, not managers.

In reply, Plaintiff complains that Defendants cite no evidentiary support for their factual assertions, and Defendants' failure to submit admissible evidence warrants partial summary judgment in her favor.[8] Even disregarding such unsupported assertions, the record before the Court and ample documentary record clearly show that there are genuine issues of fact regarding whether the different wages paid to Plaintiff was "'for equal work on jobs the performance of which requires

---

[8]Plaintiff's complaints that Defendants have failed to cite and/or provide support for their factual assertions is valid; however, Plaintiff's reply brief citations to Defendants' exhibits do not coincide with the exhibits filed with the Court. In any event, these shortcomings do not warrant a different result on the motion.

equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *See Beck-Wilson,* 441 F.3d at 359 (citation omitted).

Even if Plaintiff could establish a prima facie case under the EPA, whether Defendants can meet their burden of showing that the wage differential is justified under one or more of the four enumerated affirmative defenses also hinges on disputed issues of material fact. For instance, whether the wage disparity was based on a system that compensates quality or quantity, *Beck-Wilson,* 441 F.3d at 360, requires a review and comparison of the duties and responsibilities of various RPI positions. It is clear from the record that no other managerial position is, on its face, directly equivalent to the positions held by Plaintiff for purposes of analysis under the EPA. For the same reason, the fact that another female manager cited by Plaintiff, that of Office Manager, is paid less than male managers, does not conclusively establish Defendants' EPA liability.

Under the applicable legal standards, whether Plaintiff can establish a prima facie EPA case, and whether Defendants can establish an affirmative defense, are matters for the trier of fact.

B.  Sexual Harassment/Retaliation Claims

Defendants move for partial summary judgment of Counts 2 and 3, Plaintiff's claims of sexual harassment/retaliation under Title VII and Michigan's ELCRA.

Title VII protects an employee against retaliation for engaging in protected conduct. The employee must show that: (1) she engaged in an activity protected by Title VII; (2) the activity was known to the defendant; (3) she was subjected to an adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action. *McClain v. NorthWest Cmty. Corrs. Ctr. Judicial Corrs. Bd.,* 440 F.3d 320, 335 (6th Cir. 2006); *Singfield v. Akron Metro. Housing Auth.,* 389 F.3d 555, 563 (6th Cir. 2004). To establish the element of causal

link a plaintiff need only "proffer evidence 'sufficient to raise the inference that her protected activity was the likely reason for the adverse action.'" *Nguyen v. City of Cleveland,* 229 F.3d 559, 565-66 (6th Cir. 2000) (citations omitted).[9]

The standards under Michigan's ELCRA differ slightly, but for purposes of this motion, the distinctions are immaterial. Defendants argue that Plaintiff has failed to set forth circumstances showing "severe and pervasive conduct" as required to sustain a claim of sexual harassment based on a hostile work environment. Defendants recite the factual circumstances in a number of cases in which the Sixth Circuit found the alleged conduct was not severe or pervasive, in support of Defendants' contentions that Plaintiff's allegations do not rise to the level of "severe and pervasive" conduct. Defendants further argue that since the alleged conduct was directed at employees of both genders, Plaintiff's claims must fail.

Defendants argue that even if the alleged conduct was sufficient to support a claim of sexual harassment, the claim would still fail as to RPI because when Plaintiff reported the conduct pursuant to the employee policy, the situation was completely remedied. Defendants argue that Plaintiff's claim under the ELCRA fails for the similar reasons, under the applicable state law standards.

Plaintiff responds that Defendants' motion for summary judgment is limited to alleged claims of sexual harassment, and Defendants do not move for summary judgment of her claims of retaliation. Plaintiff states that she does not seek damages for what is alleged as sexually harassing behavior, but rather only for the retaliatory harassment and retaliatory termination that resulted from her complaints of this behavior to Altena.

---

[9]The parties do not address the specific legal standards for retaliation, and they are set forth only for purposes of this motion.

Plaintiff's retaliation claims in Counts 2 and 3 are based in part on her allegations of sexual harassment, allegations which are weak but which nonetheless provide the necessary context for her retaliation claims. Defendants are therefore not entitled to summary judgment of Counts 2 and 3 based on Plaintiffs' failure to sufficiently allege sexual harassment-hostile work environment claims. Plaintiff otherwise has set forth sufficient allegations to survive summary judgment of her retaliation claims in Counts 2 and 3.

To the extent that Defendants seek a ruling on the admissibility of evidence and arguments of sexual harassment, these matters are not properly decided in the context of the summary judgment motion.

### IV. EPA Time Bar

Defendants also argue in their supporting brief on their motion for summary judgment of the sexual harassment/retaliation claims (Counts 2 and 3) that Plaintiff's EPA claim is partially time-barred. Defendants assert that the Act limits recovery to the two years before the complaint is filed, unless the violation is willful, in which case a three-year limitations period applies. Defendants "move to dismiss" portions of Plaintiff's EPA claim that are, on their face, time-barred.

Defendants' argument is belatedly and improperly raised in their motion for summary judgment of Counts 2 and 3. Regardless, Plaintiff concedes that the statute of limitations on the EPA claim bars recovery for periods before April 28, 2009 unless the violation was willful as defined by law; if the violation was willful, the statute of limitations bars recovery for periods before April 28, 2008 (JSF ¶ 32). The question of willfulness is one of fact, and this issue will be decided accordingly, at the appropriate juncture in this case.

## V. Conclusion

The opposing, contested evidence in this case raises genuine issues of material fact with respect to Plaintiff's EPA claim (Count 1) and her retaliation claims in Counts 2 and 3, precluding judgment as a matter of law. The parties' cross-motions for summary judgment of the EPA claim are therefore denied. Defendants' motion for summary judgment of the federal and state retaliation claims is likewise properly denied.

An Order consistent with this Opinion will be entered.


DATED: November 15, 2012                  /s/ Janet T. Neff
                                          JANET T. NEFF
                                          United States District Judge